**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **PATRICIA AND ANDRE STRICKLAND,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:18-CV-447 (MTT)** |
| | ) | |
| | ) | |
| **WELLS FARGO,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The Defendants have moved to remand this case to the Superior Court of Butts County because (1) the Plaintiffs failed to adhere to the requirements of 28 U.S.C. §§ 1441 and 1446; (2) any purported removal is untimely; and (3) the Plaintiffs have not sufficiently alleged federal jurisdiction.  Doc. 9 at 1.  That motion is **GRANTED**.

On December 5, 2018, the Plaintiffs filed a notice of removal in this Court, seeking to remove a case that they brought in the Superior Court of Butts County.[1] Doc. 1.  As an initial matter, a plaintiff is not entitled to remove an action to federal court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-08 (1941); 28 U.S.C. § 1441. Therefore, the Defendants' motion to remand may be granted on that ground alone.

Moreover, pursuant to 28 U.S.C. §§ 1446(a) and (b), a defendant seeking to remove a case from a state court must file in the district court a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the

---

[1] On December 17, 2018, the Plaintiffs filed an amended notice of removal, which is almost identical to their initial notice.  Doc. 6.

initial pleading setting forth the claim for relief upon which such action or proceeding is based," and must include with that notice a copy of all process, pleadings, and orders served on the defendant.  The Plaintiffs have failed to comply with these removal requirements.  Apart from not being defendants in the state court action, the Plaintiffs did not attach their process or complaint to their notice of removal.  The Defendants did, however, attach those documents to their motion.  Doc. 10-1.  These documents show that the Plaintiffs served the Defendants with their complaint on October 25, 2018.  *Id.* at 15.  Because the Plaintiffs did not file their notice of removal until December 5, 2018, that is clearly beyond the 30-day window in which the Plaintiffs may seek removal.  Accordingly, the Defendants' motion may also be granted based on the Plaintiffs' failure to comply with the removal requirements.

Finally, it appears the Court lacks subject matter jurisdiction over this case.  The Plaintiffs purport to remove the action based on admiralty and maritime jurisdiction, stating their action "is a civil action and an Admiralty and Maritime claim under FRCP Rule 9H of which this Court has original jurisdiction under 28 U.S.C. § 1333. . . ."  Doc. 1 at 2.  However, based on the Plaintiff's complaint, most of which is nonsensical, it seems the Plaintiffs are alleging that the Defendants committed fraud relating to the foreclosure of the Plaintiffs' property.  *See generally* Doc. 10-1.  Clearly, this claim does not arise under admiralty or maritime law, nor do the Plaintiffs allege in their complaint a violation of any applicable federal statute or that the citizenship of the parties are diverse.  Thus, because the Court lacks original jurisdiction, the Plaintiffs' case must be remanded.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

For the foregoing reasons, the Defendants' motion (Doc. 9) is **GRANTED**.

Accordingly, the Plaintiffs' case is **REMANDED** to the Superior Court of Butts County,

and the Plaintiffs' pending motions (Docs. 2; 3) are **TERMINATED**.  The clerk shall mail

a copy of this Order to the Clerk of Court for the Superior Court of Butts County.

    **SO ORDERED**, this 13th day of January, 2019.


                    <u>S/ Marc T. Treadwell</u>
                    MARC T. TREADWELL, JUDGE
                    UNITED STATES DISTRICT COURT